IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor                                                   PLAINTIFF

VS.                                                           CIVIL ACTION NO.: 4:10cv77-DPJ-FKB

HERBERT C. BRUISTER, ET AL.,                                                     DEFENDANTS

ORDER

This case is before the Court on the following motions: (1) Defendants' Motion to Dismiss [135]; (2) Defendants' Motion to Strike Allegations from the First Amended Complaint [137]; and (3) Plaintiff's Motion to Strike Defendants' Affirmative Defenses [161]. Having fully considered the issues and the parties' submissions in light of the applicable standards, the Court finds as follows.

I.      Facts and Procedural History

Plaintiff Hilda L. Solis, Secretary of the United States Department of Labor, sued Defendant Herbert C. Bruister and others for allegedly violating the Employment Retirement Income Security Act of 1974 ("ERISA"). Plaintiff filed her First Amended Complaint on July 1, 2011 [124]. On July 21, 2011, Defendants moved to dismiss Count V of the First Amended Complaint for failure to state a claim and to dismiss "all of the Secretary's claims that arise out of the December 30, 2002, and December 19, 2003, transactions that are the subject matter of the [First Amended Complaint]" as time-barred. Defs.' Mot. to Dismiss [135] at 1. Defendants simultaneously filed a motion to strike certain allegations from the First Amended Complaint "that are redundant, immaterial, impertinent and/or scandalous." Defs.' Mot. to Strike [137] at 1. Plaintiff responded to both of Defendants' motions [151 and 153], and the time for Defendants' reply has expired.

Also on July 21, 2011, Defendants filed their Answer to the First Amended Complaint [139].  On August 10, 2011, Plaintiff moved to strike four of the affirmative defenses raised by Defendants as "legally insufficient."  Pl.'s Mot. to Strike [161] at 1.  Defendants responded [167], and Plaintiff filed her reply [170].  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Analysis

   A.     Motion to Dismiss

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

The Supreme Court's examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Id*. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

        1.      Count V of the First Amended Complaint

Count V of the First Amended Complaint alleges that a December 30, 2002, transaction was prohibited under section 406(b)(3) of ERISA. Plaintiff alleges that ESOT, the trust that held the assets of the subject pension benefit plans, purchased certain shares of stock and that the purchase resulted in the payment of an illegal kick-back to a plan fiduciary:

> Defendant Bruce was a trustee and fiduciary of the Bruister & Associates ESOT at the time he authorized the ESOT to purchase 172,077.55 shares of Bruister & Associates, Inc. stock for $3,000,000 pursuant to a December 30, 2002 transaction. Defendant Bruce was paid five percent (5%) of the value of the December 30, 2002, transaction by Defendant Bruister, the seller of shares in Bruister & Associates, Inc. and *an ESOT fiduciary himself*. Defendant Bruce's receipt of the five percent (5%) payment from Defendant Bruister because he authorized and caused the ESOT's December 30, 2002, stock purchase transaction is prohibited by ERISA and in violation of ERISA § 406(b)(3); 29 U.S.C. § 1106(b)(3) prohibiting him from receiving any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

First Am. Compl. [124] ¶ 69 (emphasis added). Defendants assert that this claim should be dismissed for failure to state a claim because it "fails to allege that Defendant Bruce was an ERISA fiduciary *when* he allegedly received five percent (5%) of the value of the December 30, 2002, transaction." Defs.' Mem. [136] at 3 (emphasis in original).

Section 406(b)(3) of ERISA provides:

> A fiduciary with respect to a plan shall not—
>
> . . . .

3

>	(3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

29 U.S.C. § 1106(b)(3).  This section "protects beneficiaries by prohibiting transactions tainted by a conflict of interest and thus highly susceptible to self-dealing."  *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1213 (2d Cir. 1987).  To that end, Section 406(b) is "broadly construed" and may impose liability "even where there is 'no taint of scandal, no hint of self-dealing, no trace of bad faith.'"  *Id.* at 1213 (citing *Leigh v. Engle*, 727 F.2d 113, 126 (7th Cir. 1984) and quoting *Cutaiar v. Marshall*, 590 F.2d 523, 528 (3d Cir. 1979)).

Defendants have not identified binding authority supporting their interpretation.  Regardless, the complaint "need not contain detailed factual allegations."  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation omitted).  Here, Plaintiff's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief" under section 406(b)(3), and Defendants' Motion to Dismiss Count V should be denied.  *Iqbal*, 129 S. Ct. at 1950.

###	2.	Allegations Relating to 2002 and 2003 Transactions

Plaintiff filed this action on April 29, 2010.  Defendants therefore argue that Plaintiff's claims arising out of the December 30, 2002, and December 19, 2003, transactions are barred by ERISA's six-year statute of limitations.  29 U.S.C. § 1113.[1]  Dismissal under Rule 12(b)(6) may be proper "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (cited in *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351–52 (5th Cir. 2011) (also

---

[1] An alternate statute of limitations of three years applies in some circumstances involving a plaintiff's actual knowledge of a breach.  29 U.S.C. § 1113.  Possible application of the three-year statute of limitations is not at issue in this motion.

citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 714–21 (3d ed. 2004) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.")).

The First Amended Complaint makes no reference to any basis for tolling. Yet all parties recognize that Defendants signed two tolling agreements. These agreements, if valid, would arguably waive the statute-of-limitations defense as to the disputed transactions. But Defendants insist that the Court "cannot consider such documents in this motion, as there is no reference to them and they cannot be properly inferred from the allegations of" the First Amended Complaint. Defs.' Mem. [136] at 10. Defendants then go on to argue that the tolling documents are ineffective to toll the statute of limitations because Plaintiff never signed them—an issue that is disputed at least as to the second agreement. In response, Plaintiff attaches various exhibits, references the tolling documents, and urges the Court to convert Defendants' Rule 12(b)(6) motion to one for summary judgment under Rule 12(d).

Rule 12(d) provides as follows: "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." According to the Fifth Circuit, "Rule 12(b) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith for & on Behalf of Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1366 (1969); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414–15 (5th Cir. 1980)). In this case, the Court declines to exercise that discretion.

Limited to the allegations of the First Amended Complaint, the Court agrees that it fails to state a claim as to claims arising out of the December 30, 2002, or December 19, 2003, transactions as currently drafted. *See Jaso*, 435 F. App'x at 351–52. But that is not the end of the analysis because:

> a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing. *See Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances."). Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.

*Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000) (other citations omitted).

Defendants anticipated the possibility of amendment and argued in their motion that the Court should prohibit it. But Defendants' arguments are not persuasive primarily because there is no conceivable prejudice. The amendment would merely clean-up the procedural posture by referencing a basis for tolling Defendants have known about since before the Complaint was even filed. In fact, the Defendants themselves discuss the tolling agreements at length in their Joint Answer to the First Amended Complaint, arguing that they are not valid waivers of the statute-of-limitations defense. *See* Joint Answer [139] at 5. Simply put, the validity of the tolling agreements has been in issue since the inception of this case, and Defendants cannot demonstrate prejudice.

Accordingly, Plaintiff is given until March 23, 2012, to file an amended complaint that makes specific reference to the tolling agreements. No other amendment is allowed, and Defendants are hereby given leave to limit their responsive pleading to the referenced tolling

agreements. Defendants' answers and affirmative defenses to all other portions of the complaint are noted and need not be restated. Likewise, Defendants need not re-urge any previously filed motions related to the sufficiency of the complaint.

Finally, the Court notes that the parties dispute the validity and effect of the tolling agreements. Because the motion to dismiss is granted, that issue is not presently before the Court. That said, the issue will certainly reappear. It is the Court's opinion that the apparent fact questions surrounding the second agreement would preclude relief under Rule 12(b)(6). Accordingly, Defendants may re-visit the effectiveness of the agreements in a properly supported motion for summary judgment.[2]

B. Defendants' Motion to Strike

Defendants ask the Court to strike certain allegations of the First Amended Complaint under Federal Rule of Civil Procedure 12(f), which provides: "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Specifically, Defendants seek to strike two discrete portions of the First Amended Complaint. First, Defendants want stricken Paragraphs One through Four of the First Amended Complaint because these paragraphs "purport to set forth descriptions of legal standards that are not necessary to the [First Amended Complaint] and which distort the rules under [ERISA]." Defs.' Mem. [138] at 2. Second, Defendants ask the Court to strike allegations that Matthew Donnelly, an appraiser allegedly hired by the plan to value stock acquired in the transactions that

---

[2]The Court acknowledges that this is a somewhat pragmatic approach to what it views as a non-issue. The other option would be to convert the motion under Rule 12(d) as Plaintiff requested without objection. But that approach would likely create other procedural issues, and the Court would still deny the converted motion without prejudice because the matter should be addressed on a more complete record.

are the subject of the First Amended Complaint, was convicted of a felony in 1984, as well as references to Donnelly's "criminal" background or Defendants' failure to conduct a criminal background check before hiring him.  *Id.*

As both parties observe "[t]he action of striking a pleading should be sparingly used by the courts. . . . The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)).  "Federal courts view Rule 12(f) motions with disfavor both because 'striking a portion of a pleading is a drastic remedy' and such motions are often 'sought by the movant simply as a dilatory tactic.'"  *Adams Cnty. Water Ass'n, Inc. v. City of Natchez, Miss.*, No. 5:10cv199-DCB-RHW, 2012 WL 463740, at *1 (S.D. Miss. Feb. 13, 2012) (quoting *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)); *Global Adr, Inc. v. City of Hammond*, No. Civ. A. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003)).  And a motion to strike "generally should not be granted absent a showing of prejudice to the moving party."  *Conn v. U.S.*, No. 3:10cv300-CWR, 2011 WL 2117969, at *5 (S.D. Miss. May 27, 2011) (citing *Augustus*, 306 F.2d at 868; *Mullins v. Chevron Oil Co.*, 344 F. Supp. 1063, 1067 (E.D. La. 1972)); *accord Bailey Lumber & Supply Co. v. Georgia-Pacific Corp.*, No. 1:08cv1394-LG-JMR, 2010 WL 1141133, at *5 (S.D. Miss. Mar. 19, 2010) ("Portions of a complaint generally will not be stricken unless 'the allegations are prejudicial to the defendant or immaterial to the lawsuit.'") (quoting *Veazie v. S. Greyhound Lines*, 374 F. Supp. 811, 815 (E.D. La. 1974)).

1.      Paragraphs One through Four of the First Amended Complaint

Defendants seek to strike, as "immaterial and prejudicial," the following paragraphs of the First Amended Complaint:

> The Secretary is charged with enforcing the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.* One of ERISA's goals is to ensure "the soundness and stability of plans with respect to adequate funds to pay promised benefits." ERISA § 2(a), 29 U.S.C. § 1001(a). To protect plan investments, ERISA requires that those who manage the investments act solely, exclusively and prudently in the interests of plan participants. ERISA §§ 404(a)(1)(A) & (B), 29 U.S.C. §§ 1104(a)(1)(A) & (B). Fiduciaries must also discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with ERISA's other fiduciary provisions. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).
>
> Title I of ERISA also creates per se prohibitions barring conflict of interest transactions between a plan and a party in interest. ERISA §§ 406–408, 29 U.S.C. §§ 1106–1108. Congress concluded that certain transactions present such grave opportunities for abuse that, except in narrowly-defined circumstances, they should be prohibited. Thus, subject to certain narrow exceptions, ERISA prohibits a fiduciary from causing a plan to engage in the sale or exchange of property between the plan and a party in interest, ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A); prohibits a fiduciary from dealing with the assets of a plan in his own interest or for his own account, ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and prohibits a fiduciary from acting in any transaction involving the plan on behalf of a party whose interests are adverse to the interests of the plan in his individual or any other capacity, ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).
>
> When ERISA's strict fiduciary standards are not met, the Secretary has the authority to seek relief under ERISA §§ 409(a) and 502(a)(2) & 5, 29 U.S.C. §§ 1109(a) and 1132 (a)(2) & 5, to restore plan losses, to recover unjust profits and to obtain other remedial and equitable relief as the court may deem appropriate. The Secretary may also seek injunctions to prevent those who have

> violated their fiduciary duties from managing or providing services to employee benefit plans in the future.
>
> Not only may fiduciaries be held directly responsible for losses and other relief for their own misconduct, but their co-fiduciaries may also be held liable for losses and other relief when those co-fiduciaries participate in, enable or fail to remedy another fiduciary's breach. ERISA §§ 405(a)(1)–(3), 29 U.S.C. §§ 1105(a)(1)–(3).

First Am. Compl. [124] ¶¶ 1–4. Defendants claim that these paragraphs of the First Amended Complaint "mischaracterize the applicable rules under ERISA." Defs.' Mem. [138] at 4. Plaintiff counters that these paragraphs "provide the Court and parties notice of the legal basis for her claims and also the basis for the Secretary's statutory and constitutional authority to pursue such claims." Pl.'s Resp. [151] at 2.

Having reviewed the challenged allegations and compared them with the language of the statutory sections cited, the Court is of the opinion that Plaintiff's recitation of the statutory basis for the claims is neither immaterial nor prejudicial to Defendants. Defendants may, upon a properly-supported motion for summary judgment, challenge whether the evidence is sufficient to support a finding that Defendants violated ERISA as alleged. But nothing about the allegations in Paragraphs One through Four of the First Amended Complaint justifies relief under Rule 12(f).

### 2. References to Donnelly's "Criminal" Background

Plaintiff alleges that Defendants hired Matthew Donnelly as an appraiser without conducting an adequate investigation into his background, and an appropriate investigation would have revealed his insuitability for the job:

> Had the trustees assessed Donnelly's qualifications and background, they would have learned that:

10

      a.  Donnelly never graduated from college and never formally studied finance or accounting;

      b.  Donnelly's purported certifications and professional organization memberships were outdated, unrelated to an ability to perform appraisals, and/or not the result of passing any screening or examination process reflective of his knowledge of finance, accounting, or business appraisals;

      c.  Donnelly was convicted for felony embezzlement, a crime involving moral turpitude, from entities, including two trusts, in 1984.

First Am. Compl. [124] ¶ 24.  Defendants seek to strike Paragraph 24(c) as well as scattered references to Donnelly's "criminal background."  Mot. to Strike [137] at 3.  Defendants assert that Donnelly's criminal conviction is irrelevant and prejudicial to Defendants.  Specifically, Defendants argue that Donnelly's felony conviction in 1984 "does not prohibit Mr. Donnelly from serving as a 'Service Provider' or even as a fiduciary to a plan," and that evidence of such a conviction is inadmissible under Federal Rule of Evidence 609(b).  Defs.' Mem. [138] at 6, 7.

    Plaintiff counters that she has not alleged that Donnelly was legally-barred from serving as an appraiser as a matter of law, but rather raises Donnelly's qualifications as part of her claims under section 404(a) of ERISA, which requires a fiduciary to discharge his duties "with the care, skill, prudence, and diligence . . . that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).  *See Donovan v. Cunningham*, 716 F.2d 1455, 1467 (5th Cir. 1983) ("Under ERISA, . . . courts have focused the inquiry under the 'prudent man' rule on a review of the fiduciary's independent investigation of the merits of a particular investment, rather than on an evaluation of the merits alone.").

At this stage of the proceedings, the Court cannot conclude that Donnelly's criminal conviction bears "no possible relation to the controversy" so as to justify striking the allegations in question. *Augustus*, 306 F.2d at 868. Nor are Defendants prejudiced by the inclusion of the allegations in the First Amended Complaint. Therefore, Defendants' Motion to Strike [137] will be denied without prejudice to Defendants' right to raise the substantive and evidentiary issues presented by their motion upon properly-supported motions for summary judgment and in limine.

C. Motion to Strike Affirmative Defenses

Plaintiff filed her own motion under Rule 12(f), seeking to strike Defendants' affirmative defenses of laches, estoppel, implied waiver, and reservation of rights. Rule 12(f) permits the Court to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f).[3] "Motions to strike defenses are generally disfavored and rarely granted." *Bertoniere v. First Mark Homes, Inc.*, No. 2:09cv156-DCB-MTP, 2010 WL 729931, at *1 (S.D. Miss. Feb. 25, 2010) (citing *United States v. Benavides*, No. B-07-108, 2008 WL 362682, at *2 (S.D. Tex. Feb. 8, 2008)). A motion to strike a defense "may be granted where the defense asserted is insufficient as a matter of law." *Id.* (citing *McCullough v. Owens Enters., Inc.*, No. 3:07cv527-TSL-JCS, 2008 WL 2374245, at *3 (S.D. Miss. June 5, 2008)). "[I]f there is a question of law or fact regarding a particular defense, a court must deny a motion to strike." *Id.* (citing *Benavides*, 2008 WL

---

[3]Defendants contend that Plaintiff's motion to strike was untimely. A motion to strike a pleading to which no response is allowed, such as an answer, must be filed "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). The motion was timely: the Answer to the First Amended Complaint [139] was filed and served on July 21, 2011, and Plaintiff's Motion to Strike [161] was filed on August 10, 2011—20 calendar days later. *See* Fed. R. Civ. P. 6(a)(1).

362682, at *2). "Even when addressing a pure question of legal sufficiency courts are 'very reluctant' to determine such issues on a motion to strike, preferring to determine them 'only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial.'" *Veranda Assocs., L.P. v. Hooper*, No. H-11-4206, 2012 WL 602143, at *3 (S.D. Tex. Feb. 23, 2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1381 (3d ed. 2004)).

In this case, the Court has little trouble denying the motion as to estoppel and implied waiver, not because they will ultimately prove true but because it is too early to tell. The laches defense presents a closer question. As noted in *United States v. Arrow Transportation Co.*, the laches defense "cannot be asserted against the United States in its sovereign capacity to enforce a public right or to protect the public interest." 658 F.2d 392, 394 (5th Cir. 1981). But as stated, it is preferable to determine the legal sufficiency of a defense "only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial." *Veranda Assocs.*, 2012 WL 602143, at *3 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1381 (3d ed. 2004)). And in this case, the existence of the defense should have little impact on discovery or the course of the litigation. The Court will, therefore, deny the motion to strike the laches defense without prejudice to Plaintiff's right to raise the issue in a properly-supported motion following discovery.

Finally, Plaintiff asks the Court to strike Defendants' Eighteenth Defense, which reads:

> The Defendants reserve the right to further amend this First Amended Joint Answer, pursuant to the applicable Federal Rules of Civil Procedure, and to assert additional Affirmative Defenses, should discovery reveal such Affirmative Defenses as applicable.

Answer to First Am. Compl. [139] at 39.  Plaintiff characterizes the defense as an attempt to "circumvent the Federal Rules . . . by purporting to reserve the right to assert unstated and unknown affirmative defenses sometime in the future."  Pl.'s Mem. [162] at 5.  Defendants take issue with the characterization of the defense as an affirmative defense,  Defs.' Resp. [167] at 2 n.2, and they concede that they are bound by the requirements and conditions in the Federal Rules of Civil Procedure pertaining to possible future amendments of their Answer.  In light of those understandings, the Court sees no need to strike the "defense."

III.     Conclusion

For the reasons set forth herein, Defendants' Motion to Dismiss [135] is GRANTED but Plaintiff is given leave to amend.  Defendants' Motion to Strike [137] is DENIED without prejudice to Defendants' right to raise the substantive and evidentiary issues presented therein upon properly-supported motions for summary judgment or in limine.  Finally, Plaintiff's Motion to Strike Defendants' Affirmative Defenses [161] is DENIED.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE