UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HILDA L. SOLIS, *Secretary of the*                                                              PLAINTIFF
*United States Department of Labor*

V.                                                                    CIVIL ACTION NO. 4:10-cv-00077-DPJ-FKB

HERBERT BRUISTER, et al.                                                                       DEFENDANTS

ORDER

This cause is before the Court on three "urgent and necessitous" motions: Plaintiff's motion for protective order or to quash the deposition subpoena issued for Dane Steffenson (Docket No. 233); Plaintiff's motion to compel a date for Defendants' expert's deposition and for documents (Docket No. 235); and Defendants' motion for protective order or to quash or modify the deposition subpoena for Johanson Berenson LLP (Docket No. 239). Having considered the motions and all related filings by the parties, the Court finds as follows.

Plaintiff moves to quash the subpoena served by Defendants on Dane Steffenson, lead attorney of record for Plaintiff. The subpoena compels Mr. Steffenson's appearance for a deposition scheduled for March 21, 2012.

The parties cite *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), as setting forth the limited circumstances under which trial counsel may be deposed. After recognizing that "circumstances may arise in which the court should order the taking of opposing counsel's deposition," *Shelton* holds that "those circumstances should be limited to where . . . (1) no other means exist to obtain the information than to depose opposing counsel, [citation omitted]; (2) the information sought is relevant and nonprivileged; and (3) the information is

1

crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327.

In this case, Defendants assert a statute of limitations defense and contest the enforceability of two tolling agreements offered by the government. The parties agree that the first tolling agreement was not signed by the government, but there is a dispute as to the second agreement. In sum, Plaintiff contends that it was signed, as purported on a copy which Plaintiff produced, by Dane Steffenson, as signatory for the Secretary, on March 29, 2009, and Defendants dispute, *inter alia*, that Mr. Steffenson signed the tolling agreement on March 29, 2009. Defendants point out that March 29, 2009, was a Sunday, and argue that they "should be able to question what hours Mr. Steffenson worked on that Sunday, what persons witnessed his presence in a closed government office on a Sunday, and what records exist to verify his entry into the building that day." Docket No. 255 at 3. Defendants also state that, after March 29, 2009, Plaintiff produced an unsigned copy of the 2009 tolling agreement as part of the Secretary's production in this case. *Id*.

Previously, District Judge Daniel P. Jordan, Jr. issued a decision on Defendants' motion to dismiss filed, in part, on Defendants' statute of limitations defense. In his order, Judge Jordan stated that "Defendants . . . argue that the tolling documents are ineffective to toll the statute of limitations because Plaintiff never signed them - an issue that is disputed at least as to the second agreement." Docket No. 249 at 5. Deferring consideration, Judge Jordan stated that there are "apparent fact questions surrounding the second agreement" and that the matter "should be addressed on a more complete record." *Id*. at 7.

Plaintiff cites authority, albeit in support of her request to depose Johanson Berenson, that the "'*Shelton* analysis does not apply when the topics of deposition involve counsel's

2

knowledge of a prior underlying matter that is relevant to the current litigation.'" Docket No. 253 at 5 (quoting *Srail v. Village of Lisle*, No. 07 C 2617, 2007 WL 4441547 at *2 (N.D. Ill. Dec. 12, 2007). Plaintiff also quotes a case stating that, "[e]ven cases in the *Shelton* line recognize that, if an attorney is a witness of or actor in prelitigation conduct, he may be deposed the same as any other witness." *Kaiser v. Mutual Life Ins. Co.*, 161 F.R.D. 378, 382 (S.D. Ind. 1994).

The undersigned finds these cases cited by Plaintiff persuasive. And, based on Judge Jordan's order, the fact issues of whether and when Dane Steffenson signed the second agreement are relevant and necessary to provide a "more complete record" for consideration on Defendants' statute of limitations defense. According to Plaintiff's position, Mr. Steffenson was the "actor in [the] prelitigation conduct" of signing the agreement, *Kaiser*, 161 F.R.D. at 389, and, as such, he is the one with "knowledge of [this] prior litigation matter that is relevant to the current litigation." *Srail*, 2007 WL 4441547 at *2. Therefore, Mr. Steffenson should submit to a deposition on these issues.

In addition, if the *Shelton* test applies, Defendants have met it. As the purported signatory, Mr. Steffenson is the person with personal knowledge of whether and when he signed the agreement; the information is not privileged; and, based on Judge Jordan's ruling, the information is relevant and crucial to Defendants' statute of limitations defense. Accordingly, Plaintiff's motion (Docket No. 233) should be and is hereby denied.

With respect to Defendants' motion regarding the deposition of Johanson Berenson (Docket No. 239), Plaintiff produced in response a Consent Judgment and Order entered in *Solis v. Couturier*, Civil Action No. 2:08-cv-02732-RRB-GGH in the United States District Court for the Eastern District of California. In this Consent Judgment and Order, Johanson Berenson

3

agreed, and the Court ordered, that Johanson Berenson "will . . . appear for deposition, produce documents, and provide truthful and complete oral and written testimony as to all non-privileged matters . . ., without subpoena, . . . with respect to any action . . . related to any of . . . the Bruister . . . Plans." Docket No. 253-1 at 20. Plaintiff submits that Johanson Berenson should be required to submit to a deposition, as agreed and ordered by the Court. The undersigned agrees and finds that the Consent Judgment and Order requires Johanson Berenson to submit to a deposition in this case.

In addition, the undersigned finds that Plaintiff's Notice of Deposition (Docket No. 230) for Johanson Berenson lists "topics . . . involv[ing] [Johanson Berenson's] knowledge of . . . prior underlying matter[s] that [are] relevant to the current litigation." *Srail,* 2007 WL 4441547 at *2.  And, Johanson Berenson is a "witness of [and] actor in prelitigation conduct" at issue in this case. *Kaiser*, 161 F.R.D. at 382.

In this case, Plaintiff contends that Defendants violated provisions of the Employment Retirement Income Security Act of 1974 ("ERISA") in the sale of shares of Bruister and Associates, Inc. stock to an Employee Stock Ownership Trust ("ESOT") through five (5) transactions. Johanson Berenson served as corporate counsel for Bruister and Associates, Inc. in all five (5) transactions.

Although Defendants contend that Johanson Berenson's participation in the transactions was "limited," Defendants then admit that Johanson Berenson "act[ed] as corporate counsel [for the seller] and [even] prepar[ed] the documents . . . that the parties used to effect the transactions." Docket No. 240 at 8. Plaintiff contends that Johanson Berenson's role in these transactions was "substantial" and is a "proper subject of the requested deposition." Docket No.

253 at 9. Plaintiff has even shown that, in Defendant Bruister's deposition, he deferred to Johanson Berenson for information he could not provide. Specifically, when asked why a $3.8 million payment had been made to Bruister and Associates, Inc., Defendant Bruister testified, "I honestly can't explain to you why we did that," and then stated that the "best explanation would come . . . from the company's corporate counsel" - Johanson Berenson. Docket No. 253-8 at 3.

Even under the *Shelton* test, Johanson Berenson would be required to submit to a deposition in this case. Johanson Berenson was the corporate counsel to the seller in all five (5) transactions at issue in this case and has personal knowledge (including *exclusive* knowledge, according to Defendant Bruister) of various aspects of these transactions; none of the information requested in the Notice of Deposition appears to be privileged; and the information is relevant and crucial to Plaintiff's preparation of her case.

Based on the Consent Judgment and Order and case law, Johanson Berenson should be required to submit to a deposition in this case. Therefore, Defendants' motion (Docket No. 239) should be and is hereby denied.

Plaintiff's motion to compel (Docket No. 235) is granted in part and denied in part. As to Dr. Glover, the motion is hereby granted. Dr. Glover shall be made available for deposition either: (1) between March 21 and April 10, 2012; or (2) on April 10, 16, or 20, with the other experts' depositions being resheduled for date(s) after Dr. Glover's deposition but no later than April 30, 2012. As to the document request portion of this motion, the motion is denied on the grounds that Plaintiff has failed to provide proof that the subpoena (Docket No. 116) was served on DIRECTV, Inc. in accordance with Fed.R.Civ.P. 45. Further, Plaintiff has failed to show that the documents requested in the motion (that is, the "approximately 200,000 pages of documents

copied from the computer that Defendant Amy Smith used while an employee of Bruister & Associates, Inc.") are the same documents described and requested in the subject subpoena.

SO ORDERED on the 17th day of March, 2012.

                                               /s/ F. Keith Ball
                                               UNITED STATES MAGISTRATE JUDGE