IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS E. PEREZ, Secretary of
the United States Department of Labor                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:13cv1001-DPJ-FKB

HERBERT C. BRUISTER, et al.                                               DEFENDANTS

consolidated with

JOEL D. RADER and VINCENT SEALY                                        PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:13cv1081-DPJ-FKB

HERBERT C. BRUISTER, et al.                                               DEFENDANTS

ORDER

These consolidated cases are before the Court on Plaintiffs' Motion in Limine to exclude

the testimony of Robert J. Gross and James Mandel [573].  At the June 20, 2014 pretrial

conference in these cases, the Court ordered Plaintiffs to file a reply in support of the motion and

permitted Defendants to file a brief surreply.  Having considered all the briefing on the matters,

the Court concludes that the motion should be granted.

I.        Standard

The Federal Rules of Evidence obviously apply to bench trials.  But in such trials,

"[s]trict evidentiary rules of admissibility are generally relaxed . . . as appellate courts assume

that trial judges rely upon properly admitted and relevant evidence."  *Null v. Wainwright*, 508

F.2d 340, 344 (5th Cir. 1975).  For that reason, "the district judge is entitled to greater latitude in

evidentiary rulings," which will be reversed "only where they affect a substantial right of the

complaining party."  *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 287 (5th Cir.

1987) (citations omitted); *see also Stephenson v. Salisbury*, 967 F.2d 1069, 1074 (5th Cir. 1992) (applying abuse of discretion analysis to court's evidentiary rulings, and noting the "great latitude allowed in the conduct of a bench trial").

II.     Analysis

        A.     Robert J. Gross

        Many of the key issues in this case relate to the validity of appraiser Matthew Donnelly's valuations of Bruister and Associates, a home service provider (HSP) for DirecTV.  Gross is a securities appraiser employed by Prairie Capital Advisors.  In that capacity, Gross performed appraisal-related work for another DirecTV HSP, DirecTECH.  As part of that work, he reviewed several valuation reports Matt Donnelly prepared for DirecTECH.  Gross concluded, and will testify, that Donnelly's DirecTECH appraisals were reasonable.

        Plaintiffs argue that Gross's testimony should be excluded under Federal Rules of Civil Procedure 401, 403, 701, and 702.  As to the relevance objections, Defendants assert that Gross's testimony "is directly relevant to the Plaintiffs . . . having asserted that Mr. Donnelly is *per se* incompetent and unqualified."  Defs.' Resp. [582] at 7.  Defendants suggest that Gross's testimony that Donnelly performed competent work on his DirecTECH valuations rebuts Plaintiffs' theory that Donnelly is incompetent and that his valuation reports for Bruister and Associates are not valid.

        Defendants referred to this as character evidence, and after discussing the issue with the parties during the pretrial conference, the Court instructed them to address whether the testimony, as described by Defendants, violates Rules 404 and 405.  Defendants appear to be offering evidence of Donnelly's sound valuation on another occasion to prove that his valuations

2

for Bruister and Associates were similarly sound.  *See* Fed. R. Evid. 404(a) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion that person acted in accordance with the character or trait."); *id.* R. 404(b) ("Evidence of a[n] . . . other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

Apparently aware that Gross's testimony would be inadmissible under Rule 404, Defendants assert in their surreply that "the practice of Matthew J. Donnelly in consistently producing valuation reports that reflect fair market value is admissible habit evidence under" Federal Rule of Evidence 406.  Defs.' Surreply [586] at 1.  Rule 406 states:  "Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit . . . ."  "To offer evidence of a habit, a party must at least demonstrate a regular practice of meeting a particular kind of situation with a specific type of conduct."  *United States v. Heard*, 709 F.3d 413, 434 (5th Cir. 2013) (citation and internal quotation marks omitted).  "Habit suggests a regular response to a repeated specific situation that has become semi-automatic."  *Id.* (citation and internal quotation marks omitted); *see also Pursley v. Dretke*, 114 F. App'x 630, 634 (5th Cir. 2004) (describing habit as a response that is "reflexive, repeated, and invariable in nature").  "To obtain a Rule 406 inference of [the habit of an individual], a plaintiff must show a sufficient number of specific instances of conduct to support that inference."  *Mobil Exploration & Producing U.S., Inc. v. Cajun Constr. Servs., Inc.*, 45 F.3d 96, 99 (5th Cir. 1995) (citing *Reyes v. Mo. Pac. R. Co.*, 589 F.2d 791, 795 (5th Cir. 1979)).

The Court is not persuaded that Gross's testimony is admissible under Rule 406.  Assuming that a tendency to produce appropriate valuations is the sort of reflexive practice that

can be considered a habit, of which the Court is not convinced, Defendants have not "provide[d] an adequate sample for showing habit." *Heard*, 709 F.3d at 434. Gross's testimony regarding the reasonableness of Donnelly's DirecTECH valuations is inadmissible.[1]

> B.      James Mandel

Mandel is the President and CEO of Multiband Corporation, which ultimately acquired the assets of DirecTECH in a November 2008 Stock Purchase Agreement. Mandel will testify about his experience as a DirecTV HSP and the relationship between DirecTV and its HSPs. He will also testify as to his understanding of how HSPs should be valued, concluding that "there's no real succinct formula because there's not . . . lots of transactions . . . in th[e HSP] industry." Mandel *Rader* Dep. 59. Finally, he is expected to testify about the value of the assets of DirecTECH at the time of Multiband's 2008 acquisition thereof.

As with Gross, Plaintiffs assert that Mandel's testimony should be excluded under Rules 401, 403, and 701. There is no dispute that Mandel was never designated as an expert witness in either of these consolidated cases. And at least some of Mandel's proposed testimony, such as his opinions regarding valuation methods in the HSP arena, appear to involve the type of specialized knowledge requiring expert testimony under Rule 702, which would be inadmissible under Rule 701(c). Any such testimony is inadmissible.

As for the balance of Mandel's proposed testimony, he appears poised to testify as to the value of a company unrelated to Bruister and Associates. The Court is inclined to find the testimony irrelevant absent some further showing from Defendants. Defendants have generally

---

[1]The Court has not undertaken a thorough review of the entirety of Gross's testimony. It is possible that he offers some admissible testimony that the parties have not brought to the Court's attention. This ruling is limited to the testimony Defendants asserted was admissible.

responded that Mandel's other testimony is relevant as to "whether Mr. Donnelly's methodology and conclusions meet a level of accuracy" that is appropriate, Defs.' Resp. [582] at 7, but again this would appear to be an expert opinion.  To the extent it is not, as with Gross, the proof seems to conflict with Rules 404 and 405. Thus, the motion is granted without prejudice to Defendants' right to establish the relevancy of any non-expert testimony.

III.    Conclusion

The Court has considered all the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Plaintiffs' motion in limine to exclude the testimony of Robert J. Gross and James Mandel [573] is granted.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE