IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS E. PEREZ, Secretary of
the United States Department of Labor                                                    PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:13cv1001-DPJ-FKB

HERBERT C. BRUISTER, et al.                                                               DEFENDANTS

consolidated with

JOEL D. RADER and VINCENT SEALY                                                          PLAINTIFFS

v.                                                                      CIVIL ACTION NO. 3:13cv1081-DPJ-FKB

HERBERT C. BRUISTER, et al.                                                               DEFENDANTS

ORDER

This consolidated action is before the Court on the parties' cross motions in limine [575, 576]. Having fully considered the premises, and having discussed the issues during the pretrial conference, the Court finds that all motions should be denied.

I.      Standard

The basis for a motion in limine has been aptly summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation omitted). These concerns are not acute in a bench trial where "[s]trict evidentiary rules of

admissibility are generally relaxed . . . ." *Null v. Wainwright*, 508 F.2d 340, 344 (5th Cir. 1975). Indeed the Fifth Circuit assumes the district court will rely on relevant evidence. *Id.*

II.    Analysis

    A.    Secretary's Motion in Limine re Testimony from DOL Employees [575]

The Secretary seeks to exclude testimony from DOL employees regarding the accrual date for claims related to the three ESOT transactions that remain in dispute. The motion correctly notes that the Court's December 20, 2013 Order granted summary judgment on Defendants' statute-of-limitations affirmative defenses based on a tolling agreement between the parties. Dec. 20, 2013 Order [562] at 17. Unfortunately, that order erred to the extent it suggested that no statute-of-limitations issues remain. While the tolling agreement reflects a valid waiver, the agreement also preserves statute-of-limitations defenses that existed as of December 30, 2008. Thus, there remains a factual question whether the Secretary obtained "actual knowledge of the breach or violation" before that date. 29 U.S.C. § 1113. The December 20, 2013 Order is therefore amended to the extent it suggests that the tolling agreement barred all statute-of-limitation defenses. *See* Fed. R. Civ. P. 54(b).

As for the evidence, the Court discussed this issue with the parties during the pretrial conference, and neither the Secretary nor the *Radar* Plaintiffs demonstrated that the statute-of-limitations issue should be considered moot. At most, they argued that there is no evidence to support Defendants' position, but that is an issue for trial and not a proper basis for an order excluding evidence. The motion in limine seeking to exclude evidence from DOL employees related to the statute of limitations is therefore denied.

B.    Defendants' Motion in Limine

Defendants seek an order excluding several broad categories of evidence. It should be noted that the motion does not, for the most part, identify precise facts or testimony. Blanket prohibitions on evidence are generally disfavored and seem unnecessary in the context of a bench trial. And for that reason, Defendants' motions have been denied without prejudice to their right to reurge the objections at trial. With that said, the Court finds as follows:

> 1. The conduct of J. Michael Bruce and Defendant Smith in considering and ultimately approving the 2002 ESOT Transaction and Defendants Smith and Henry in considering and ultimately approving the 2003 ESOT Transaction.

Denied. The 2002 and 2003 ESOT transactions no longer form the basis of a viable claim, and the Court can therefore understand why Defendants would make this request. But the fact that these transactions are no longer in dispute does not mean they lack all relevance. Even Defendants note that certain evidence regarding Bruce and Smith's involvement in these initial ESOT transactions is beyond the scope of the present motion. Regardless, there is no risk of jury prejudice, and the Court will be in a better position to rule after hearing the precise testimony to which Defendants object. The Court does, however, caution the Secretary and Plaintiffs that the evidence must relate to the transactions still in dispute.

> 2. The conduct of Defendant Bruister in allegedly improperly influencing the fair market value of the BAI common stock purchased by the ESOT in the 2002 ESOT Transaction and the 2003 ESOT Transaction.

Denied. In addition to the considerations just discussed, Bruister's position within the company and his role as a trustee in all transactions could make his conduct in 2002 and 2003 more relevant.

    3.    The reports submitted by the Secretary's ESOP valuation and ERISA prudence "experts" to the extent that they refer or relate to the 2002 ESOT Transaction and 2003 ESOT Transaction.

Denied.  It may be that certain aspects of the valuations for earlier years affect the valuations in later years, and the Court will need to hear the evidence before making that decision.  But as stated, the focus is on subsequent ESOT transactions.

    4.    The alleged payments made to former Defendant J. Michael Bruce by Defendant Bruister in connection with the 2002 ESOT Transaction and the 2003 ESOT Transaction.

Denied.  Although the transactions are no longer in dispute, the relationship between Bruce and Bruister seems relevant to the subsequent transactions.

    5.    Any professional advice and counsel given to Defendants in connection with the 2002 ESOT Transaction and the 2003 ESOT Transaction.

Denied.  Again, the motion is too broadly worded to grant.  It may be that certain advice give in 2002 or 2003 formed the basis for actions taken in subsequent years.

    6.    Evidence concerning the 1984 criminal conviction of Matthew J. Donnelly.

Denied.  Defendants argue that they lacked knowledge of Donnelly's conviction, rendering it irrelevant.  That argument is a question of fact that goes to weight.  Again, there is no jury or risk of prejudice, and the Court is well equipped to give the evidence the weight, if any, it deserves.

**SO ORDERED AND ADJUDGED** this the 1st day of August, 2014.

        s/ *Daniel P. Jordan III*
        UNITED STATES DISTRICT JUDGE