IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor, | |
| Plaintiff | |
| v. | No. 3:13-cv-1001-DPJ-FKB |
| HERBERT C. BRUISTER, et al., | |
| Defendants, | |
| consolidated for trial with | consolidated for trial with |
| JOEL D. RADER AND VINCENT SEALY, | |
| Plaintiffs | |
| v. | No. 3:13-cv-01081-DPJ-FKB |
| HERBERT C. BRUISTER, et al., | |
| Defendants | |

TEMPORARY RESTRAINING ORDER

This case is before the Court on the Joint *Ex Parte* Motion and Memorandum of Points and Authorities in Support of Motion for TRO/PI [662-1] filed by Thomas Perez, the Secretary of the U.S. Department of Labor, and Vincent Sealy, the prevailing Plaintiffs in these consolidated cases. Because Plaintiffs have demonstrated their entitlement to relief under Federal Rule of Civil Procedure 65(b), the Court issues this temporary restraining order without notice to any Defendant.

I.   Facts and Procedural History

Following a 19-day bench trial, on October 16, 2014, the Court entered judgments in favor of Plaintiffs and against Defendants Herbert Bruister ("Bruister"), Amy Smith, Jonda Henry, and the Bruister Family LLC ("BFLLC"), in the amount of $6,492,513.97.  Since that time, Plaintiffs have attempted to execute the judgment and now claim that Defendants have intentionally frustrated those efforts.  The following facts are gleaned from Plaintiffs' motion for a TRO.

According to Plaintiffs, Defendants, through counsel, have indicated that they are unable to pay any part of the judgments.  But Plaintiffs believe that Bruister has an interest in certain life-insurance portfolios (or "viaticals") worth several million dollars.  As to some of those viaticals, Premium Funding, LLC ("PFLLC"), an entity controlled by Bruister's friend and business associate Nathan I. Prager, entered into a financing arrangement with BFLLC whereby PFLLC would pay the premiums and administrative costs of the viaticals in exchange for certain payments and a security interest in the viaticals.  That agreement purports to have been executed on October 15, 2014—one day before the Court entered its judgments in these cases.  Plaintiffs contend that the document was backdated in an effort to frustrate execution on the October 16 judgments because PFLLC was not created until October 22, 2014.

In a January 10, 2015 conference call between counsel for Plaintiffs and Defendants and Prager, Prager reportedly demanded that Plaintiffs agree that PFLLC's interest in the viaticals is superior to Plaintiffs' interest.  Prager took the position that unless Plaintiffs made such an agreement "on or before the close of business on January 21, 2015," PFLLC would cease paying the premiums on the insurance policies, causing them to forever lapse.  Prager email [662-6].

2

The viaticals would then be worthless. Prager's January 21 deadline seems strategic, as it is the day before Bruister's scheduled deposition.

In light of this threat to a potentially significant asset that could help satisfy the judgments in these cases, Plaintiffs filed their *ex parte* motion. They further contend that Defendants have moved other assets in an effort to avoid execution.

II.     Standard

A TRO or preliminary injunction is an "extraordinary remedy." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). The four elements for such relief are well known:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). To justify entry of a TRO or preliminary injunction, plaintiffs must "clearly carr[y] the burden of persuasion on all four requirements." *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotations marks omitted).

Rule 65(b)(1) permits the Court to enter a TRO without notice if

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

III.     Analysis

   A.     Notice

The Declaration of Charles P. Yezbak III [662-2] establishes the availability of *ex parte* relief. Specifically, Yezbak details apparent efforts by Bruister to shield his assets from this Court's judgments and explains that "any notice provided to Defendants regarding the requested temporary restraining order will prompt further movement and potential dissipation of the viatical assets, which will jeopardize their value." Yezbak Decl. [662-2] ¶ 32.

If these allegations remain persuasive, then Defendants have already exhibited a willingness to frustrate the Court's judgments. Allowing Plaintiffs to seek a TRO without notice avoids the irreparable injury that might occur, including, but not limited to, steps to carry out alleged threats to allow viaticals to lapse. *See, e.g.*, *United States v. Jenkins*, 974 F.2d 32, 35–36 (5th Cir. 1992) (*ex parte* order issued due to risk of irreparable injury that "agent might 'sell, alienate, encumber, transfer or otherwise place the above-described property beyond forfeitable condition'" did not violate due-process rights); *Sanzone Brokerage, Inc. v. J&M Produce Sales, Inc.*, 547 F. Supp. 2d 599 (N.D. Tex. 2008) (granting *ex parte* TRO to avoid dissipation of assets). The motion to file under seal is therefore granted.

   B.     Elements

Plaintiffs have established the elements necessary to obtain a TRO. First, as to the likelihood of success, Plaintiffs have already prevailed on the merits in this case and now seek to collect on the judgments rendered in their favor. The threat of irreparable harm exists in the very real risk that, unless Plaintiffs agree to subordinate their interests in the viaticals to PFLLC's, the primary asset available to pay the judgments will cease to exist. The balance of harms also

favors Plaintiffs' motion.  Plaintiffs face the threatened dissipation of the viatical policies, thereby leaving no means to satisfy the judgments.  This harm is significantly greater than the harm to Defendants and others in maintaining the *status quo*.  Finally, to the extent the TRO would result in some portion of the judgments being satisfied, it serves the public interest.

    C.    Scope

Rule 65(c)(2)(C) states that in addition to the parties, a TRO binds "other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."  Based on the record evidence at this stage of the dispute, the Court finds that Prager is in "active concert or participation" with Defendants.

IV.    Conclusion

IT IS THEREFORE ORDERED that the Plaintiffs' *Ex Parte* Motion to File Under Seal [662] is hereby granted.  The attached Joint *Ex Parte* Motion and Memorandum of Points and Authorities in Support of Motion for TRO/PI [662-1] is deemed filed, and is likewise granted. Plaintiffs are hereby directed to provide a copy of the motion [662] and attachments previously filed *ex parte* to Defendants.

IT IS FURTHER ORDERED:

1. All assets and property of any kind owned or controlled by Defendant Herbert Bruister ("Bruister") are hereby frozen, except to the extent necessary to preserve the viaticals. In this Order, Bruister's assets and property include, but not are limited to, accounts that Bruister owns or controls and that hold or receive other assets or property.

2. All assets and property of any kind owned or controlled by Defendant Bruister Family LLC are hereby frozen, except to the extent necessary to preserve the viaticals.  In this Order,

Defendant Bruister Family LLC's assets and property include, but not are limited to, accounts that Defendant Bruister Family LLC owns or controls and that hold or receive other assets or property.

      3.   Defendant Bruister is hereby enjoined from—whether directly or indirectly (through an agent or otherwise)—transferring, encumbering, otherwise disposing of, or otherwise limiting his interest in any asset or property in which he owns any interest or that he controls.

      4.   Defendant Bruister Family LLC is hereby enjoined from—whether directly or indirectly (through an agent or otherwise)—transferring, encumbering, otherwise disposing of, or otherwise limiting its interest in any asset or property in which it owns any interest or that it controls.

      5.   The Order to enjoin includes other parties to the judgment.  The order to enjoin also includes Bruister and Bruister Family LLC's officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any of the foregoing persons. This provision may apply to but is not limited to the following associated persons or entities: Linda Bruister; Bruister and Associates Investments LLC; Nathan Prager; Premium Funding, LLC; Moritz Roever; William Anderton; and Asset Servicing Group.

      6.   As to his assets and property that are or include life-insurance contracts, Defendant Bruister timely shall pay all premiums or other charges necessary to keep all such contracts and their underlying life-insurance policies in full force.

      7.   As to its assets and property that are or include life-insurance contracts, Defendant Bruister Family LLC shall timely pay all premiums or other charges necessary to keep all such contracts and their underlying life-insurance policies in full force.

8.  This Temporary Restraining Order shall go into effect immediately and shall remain in effect through 11:59 p.m. (Central Time) January 28, 2015, unless extended by the Court.

9.  The Court enters this Temporary Restraining Order in both *Perez v. Bruister, et al.*, 3:13-cv-1001-DPJ-FKB (S.D. Miss.), and *Rader v. Bruister, et al.*, No. 3:13-cv-1081-DPJ-FKB (S.D. Miss.).

10. Herbert Bruister is required to send this Order to any and all third parties with whom he is doing business (whether listed in this Order or not).

11. Nothing herein should be construed as limiting any Defendant from providing for his or her or his or her family's normal activities of daily living.

**SO ORDERED AND ADJUDGED** at 3:20 p.m. this the 16th day of January, 2015.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE