IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS E. PEREZ, Secretary of
the United States Department of Labor                                               PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:13cv1001-DPJ-FKB

HERBERT C. BRUISTER, et al.                                                      DEFENDANTS

consolidated with

JOEL D. RADER and VINCENT SEALY                                                  PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:13cv1081-DPJ-FKB

HERBERT C. BRUISTER, et al.                                                      DEFENDANTS

ORDER

These consolidated cases are before the Court on Plaintiffs' Urgent and Necessitous Joint Motion to Temporarily Extend the Preliminary Injunction Until After a Hearing on the Merits [732]. Having considered the issues and conducted a telephonic hearing, the Court concludes as follows:

First, the Court finds that it maintains personal jurisdiction over all parties to the Consent Order to Convert TRO to Preliminary Injunction [682]. This includes, but is not limited to, Nathan I. Prager and Premium Funding LLC ("PF"). In the Consent Order, Prager and PF expressly and voluntarily "submit[ted] to the jurisdiction of this court solely for the purpose of this Injunction." Consent Order [682] ¶ 8. In addition, it still appears that Prager was in active concert or participation with Defendants in a way that necessitated the Preliminary Injunction. Under those circumstances, the Court has nationwide jurisdiction to enforce its judgment. *See Waffenschmidt v. MacKay*, 763 F.2d 711, 717 (5th Cir. 1985). Prager will be given an

opportunity to address that issue at the evidentiary hearing, but as for now, the Court is comfortable that personal jurisdiction exists.

Second, the Court will temporarily extend the Preliminary Injunction for 14 days. The parties attempted to resolve this matter before bringing it to the Court, an effort the Court certainly appreciates, but once those negotiations failed, the issue was not fully briefed until after 5:00 p.m. on the day before the Preliminary Injunction was set to expire. The Court requires additional time to fully consider the various arguments with respect to the effect of the Preliminary Injunction. The Preliminary Injunction, as extended by the Consent Order, is therefore extended for an additional 14 days.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2015.

s/ *Daniel P. Jordan III*  
UNITED STATES DISTRICT JUDGE