UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS E. PEREZ, Secretary of                                        PLAINTIFF
the United States Department of Labor

vs.                                        CIVIL ACTION NO. 3:13CV1001-DPJ-FKB

HERBERT C. BRUISTER, et al.                                        DEFENDANTS

consolidated with

JOEL C. RADER and VINCENT SEALEY                                        PLAINTIFFS

vs.                                        CIVIL ACTION NO. 3:13CV1081-DPJ-FKB

HERBERT C. BRUISTER, et al.                                        DEFENDANTS

**AND**

VINCENT SEALEY                                        PLAINTIFF

vs.                                        CIVIL ACTION NO. 3:15CV137-DPJ-FKB

HERBERT C. BRUISTER, et al.                                        DEFENDANTS

THE BRUISTER & ASSOCIATES
EMPLOYEE STOCK OWNERSHIP
PLAN, et al.                                        NOMINAL DEFENDANTS

**MOTION FOR APPROVAL OF SETTLEMENT**

The plaintiff, Vincent Sealey, individually and on behalf of the Bruister Plans, defined

below, (hereinafter "Plaintiff" or "Sealey") and Jeanne Bryant, Receivership Management, Inc.,

independent fiduciary on behalf of the Bruister Plans, defined below, (hereinafter "Plan

Fiduciary" or "Bryant") move the Court to approve the "Settlement Agreement and General

Release" attached to this motion (hereinafter "Agreement" or "Settlement Agreement") stating:

## A.  PARTIES

Sealey and the Plan Fiduciary, along with a number of other parties, have entered into a Settlement Agreement relating to the above-referenced actions, and related disputes. For reference in setting forth the background of this matter the parties to this settlement agreement are:

VINCENT SEALEY ("Sealey") and JOEL D. RADER ("Rader"), individually and in their capacities as participants of the Bruister & Associates Employee Stock Ownership Plan (the "ESOP"), the Bruister & Associates Employee Stock Ownership Trust (the "ESOT"), and the Bruister & Associates Eligible Individual Account Plan (the "EIAP");THE BRUISTER & ASSOCIATES EMPLOYEE STOCK OWNERSHIP PLAN, THE BRUISTER & ASSOCIATES EMPLOYEE STOCK OWNERSHIP TRUST, and THE BRUISTER & ASSOCIATES ELIGIBLE INDIVIDUAL ACCOUNT PLAN (collectively, the "Bruister Plans");   BRUISTER FAMILY LIMITED LIABILITY COMPANY ("Bruister Family LLC"), BRUISTER AND ASSOCIATES, INC., now known as Southeastern Ventures, Inc., a Mississippi corporation ("Bruister and Associates"), and HERBERT C. BRUISTER ("Mr. Bruister"), and his spouse, LINDA BRUISTER (collectively, "Bruister") (collectively, the "Bruister Parties"); JONDA C. HENRY ("Ms. Henry"), and her spouse, BRAD HENRY (collectively, "Henry"); AMY O. SMITH ("Ms. Smith"), and her spouse, DAVID SMITH (collectively, "Smith"); JEANNE BRYANT of Receivership Management, Inc., solely in her capacity as the Independent Fiduciary of the Bruister Plans ("Plan Fiduciary" or "Bryant"); and all assignees or assignee/signatories to the Johanson Assignment, the Henry Assignment, and the Smith

-2-

Assignment (such assignments are described more fully in the following sections) (collectively, the "Assignees"); and all parties in this paragraph being collectively referred to as the "Releasing Parties");

JOHANSON BERENSON, LLP, DAVID R. JOHANSON ("Johanson"), RACHEL J. MARKUN ("Markun") and DOUGLAS A. RUBEL ("Rubel"), any attorney, employee, shareholder, member, agent, affiliate, subsidiary, predecessor, successor (including Hawkins Parnell Thackston & Young LLP ("HPTY")), partner, insurers and any person or entity in privity of interest therewith (collectively, the "JB Parties");

HEIDELBERG HARMON, PLLC and its shareholders, members, partners, employees, agents and insurers and any person or entity in privity of interest therewith (collectively, the "HH Parties");

WILLIAM B. WAHLHEIM, JR., MAYNARD COOPER & GALE, P.C., JOHN DAVID COLLINS, and OLLIE A. CLEVELAND, III, and any current or former attorneys, shareholders, employees, agents, and insurers and any person or entity in privity of interest therewith (collectively, the "MC Parties"); and

JACKSON LEWIS P.C. and its affiliates, subsidiaries and predecessors (including Jackson Lewis LLP), and as to each of these preceding entities, their current or former attorneys, partners, shareholders, principals, employees, agents, and insurers and any person or entity in privity of interest therewith (collectively, the "JL Parties").

### B.    <u>BACKGROUND</u>

Upon information and belief, the JB Parties (until approximately January 16, 2012), and by and through the JL Parties (from January 16, 2012 until November 14, 2014), as well as the

HH Parties, have at various times represented Bruister and Associates, the Bruister Plans, Bruister, Henry, Smith, J. Michael Bruce ("Bruce"), and Bruister Family LLC in connection with investigations and litigation initiated by the Secretary of the United States Department of Labor ("Secretary of Labor") and litigation initiated by Rader and Sealey.   Further, it has been alleged that the JB Parties and later the JL Parties represented Bruister and Associates, the Bruister Plans, Bruister, Bruister Family LLC, Bruce, Henry, and Smith in connection with a coverage lawsuit against Beazley Insurance Company, Inc. ("Beazley") and Axis Insurance Company ("Axis") arising from the aforementioned investigations and lawsuits.

Beginning in approximately March, 2007, the Secretary of Labor formally commenced an administrative investigation into various transactions involving the Bruister Plans (the "Secretary's Investigation"), culminating in a lawsuit filed in the United States District Court for the Southern District of Mississippi, styled, *Perez v. Bruister, et al.*, Case No. 3:13-cv-1001-DPJ-FKB (S.D. MS.) (the "Secretary's Action" or the "Perez Action") which alleged various breaches of duty under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), relating to certain transactions between the Bruister Plans and Mr. Bruister and/or Bruister Family LLC.   The Secretary's Action named Bruce, Mr. Bruister, Ms. Henry, Ms. Smith, and Bruister and Associates as defendants and the Bruister Plans as nominal defendants.   Initially, the JB Parties and the HH Parties represented the defendants and nominal defendants in the Secretary's Action.   Subsequently, the JL Parties, the HH Parties, and HPTY represented the defendants and/or nominal defendants in the Secretary's Action.   Bruce obtained a final, uncontested summary judgment in his favor [Perez Dkt. 562], and is no longer the subject of litigation by the Secretary.   The JL Parties and the HH

Parties no longer represent the defendants or nominal defendants in any capacity.   The JB

Parties no longer represent the defendants or nominal defendants in any capacity, except that

Rubel, solely in his capacity as an employee of HPTY, continues to represent Bruister and

Bruister Family LLC with respect to certain post-judgment matters in the Secretary's Action,

except as such matters relate to the Settlement Agreement that is the subject matter of this

motion (the "Settlement Agreement" or "Agreement").   Bruister and Bruister Family LLC assert

that they have been separately represented by independent counsel in connection with this

Agreement and/or have had adequate opportunity to consult with independent counsel with

respect to the Agreement.   Upon information and belief, Bruister and Bruister Family LLC have

been expressly advised to obtain advice from an independent attorney before entering into the

Agreement.   Upon information and belief, Henry and Smith are no longer represented by the JB

Parties, the JL Parties or the HH Parties in any capacity and have not been so represented since

shortly after November 2014.   Henry and Smith have been separately represented by

independent counsel in connection with the Agreement or have had adequate opportunity to

consult with independent counsel with respect to the Agreement.   The Bruister Plans are not

currently represented by the JB Parties, the JL Parties, or the HH Parties in any capacity, have

not been represented by them for a considerable period of time and are currently represented by

Berry & Tudor, P.C.

On January 27, 2010, Joel D. Rader and Vincent Sealey filed a related lawsuit in the

United States District Court for the Eastern District of California, Case No.

2:10-cv-00222−MCE−GGH (E.D. CA.), which was subsequently transferred to the Southern

District of Mississippi, presently styled, *Rader, et al. v. Bruister, et al*., Case No.

3:13-cv-1081-DPJ-FKB (S.D. Miss.) (the "Rader Action").   The Rader Action initially named

Mr. Bruister, Ms. Henry, Ms. Smith, Bruister Family LLC, and Robert Eddy as defendants

[Rader Dkt. 1], and, through its amended complaint, added the Bruister Plans as nominal

defendants [Rader Dkt. 105]. Johanson and Johanson Berenson LLP initially appeared in the

action for Bruister Family LLC.   The Rader Plaintiffs subsequently dismissed Robert Eddy as a

defendant.   In May 2010 and June 2010, Johanson, Rubel, Johanson Berenson and the HH

Parties, respectively, entered appearances in the Rader Action on behalf of Bruister Family LLC.

In March 2011 Johanson, Rubel, Johanson Berenson, and the HH Parties entered appearances in

the Rader Action on behalf of Mr. Bruister.   Upon information and belief, Smith and Henry

were, at various times represented by the MC Parties, the JB Parties and the HH Parties in the

Rader Action. Upon information and belief, Smith and Henry were represented by the MC

Parties from approximately April 2010 until on or about March 7, 2014, after which the JL

Parties and the HH Parties undertook their representation. Upon information and belief the JL

Parties' representation of Smith and Henry ended on or about November 14, 2014.   It is the

movants understanding that Henry and Smith are no longer represented by the JB Parties, the JL

Parties, MC Parties or the HH Parties in any capacity and have not been so represented since

shortly after November 2014.   Upon information and belief, Henry and Smith are also

separately represented by independent counsel in connection with the Agreement and it is the

movants understanding that they have had adequate opportunity to consult with independent

counsel with respect to the Agreement. After Beazley, the fiduciary liability insurer for Bruister

and Associates, Mr. Bruister, Ms. Smith, Ms. Henry, Bruce, Bruister Family LLC, and the

Bruister Plans, denied coverage for the Secretary's Action and provided a defense under a

reservation of rights in the Rader Action without regard to choice of counsel, Mr. Bruister, Ms. Smith, Ms. Henry, Bruce, Bruister Family LLC, and the Bruister Plans, filed an action against Beazley in May 2010, in the United States District Court for the Southern District of Mississippi for bad faith, breach of contract and the right to independent counsel, styled, *Bruister, et al. v. Beazley Insurance Company, Inc.*, Case No. 4:10-cv-136-HTW-LRA (S.D. Miss.) (the "Coverage Action").   [Coverage Action Dkt. 1.]   The JB Parties and, it is alleged, the JL Parties, subsequently appeared in the Coverage Action as co-counsel with the HH Parties.   Axis, the excess fiduciary liability carrier for Bruister and Associates, Mr. Bruister, Ms. Smith, Ms. Henry, Bruce, Bruister Family LLC, and the Bruister Plans, and Arthur J. Gallagher Risk Management Services, Inc. were subsequently added as defendants to the Coverage Action. [Coverage Action Dkt. 28]   The Coverage Action culminated in a settlement agreement between all parties effective on or about December 1, 2011, and the Coverage Action was dismissed on June 29, 2012.   [Coverage Action Dkt. 72]   The date and effectiveness of that settlement is in dispute.   Upon information and belief, the JB Parties, the HH Parties, and the JL Parties no longer represent any of the parties with respect to the Coverage Action.

Despite multiple settlement conferences and a private mediation, the Secretary's Action and the Rader Action did not settle, and they were consolidated for a court trial, which took place in August 2014, after which the trial court issued Judgments in favor of Plaintiffs on behalf of the Bruister Plans in both the Secretary's and Rader Actions for $4,504,605.30 against Jonda C. Henry, Herbert C. Bruister, and Amy O. Smith, jointly and severally.   An additional $1,988,008.67 in prejudgment interest was charged to Herbert C. Bruister.   Bruister Family LLC was found jointly liable for $885,065.25 in damages and $390,604.12 in prejudgment interest.

[Perez Dkt. 617 (the "Perez Judgment"); Rader Dkt. 483 (the "Rader Judgment").]   The Court later awarded attorneys' fees and expenses in the amount of $3,116,511.25 to the Rader Action plaintiffs jointly and severally against Ms. Henry, Mr. Bruister, Ms. Smith and Bruister Family LLC.   [Rader Dkt. 483, the "Rader Fee Award".]   The Court also awarded costs to Plaintiff Perez and the Rader Plaintiffs.   [Perez Dkt. 617; Rader Dkt. 483.]   (Collectively, all monetary awards set forth in the Perez Judgment and the Rader Judgment, including costs, and the Rader Fee Award are referred to herein as the "Underlying Judgments".)

On February 27, 2015, Sealey filed an action on behalf of himself and the Bruister Plans against Mr. Bruister, the JB Parties (except Markun and HPTY), the JL Parties, Beazley, and Axis in the Southern District of Mississippi, styled, *Sealey v. Johanson, et al.*, Case No. 3:15-cv-137-DPJ-FKB (S.D. Miss.) (the "Sealey Action").   The Sealey Action includes, among other things, allegations of claimed breaches of fiduciary duty, legal malpractice, fraud and breaches of ERISA against the JB parties (except Markun and HPTY) and the JL Parties associated with their representation of the Bruister Plans in the Coverage Action and the settlement of the Coverage Action, and alleged actions taken as counsel for the Bruister Plans, Mr. Bruister, Ms. Smith, Ms. Henry, and Bruister Family LLC in the Secretary's Action and the Rader Action.   [Sealey Dkts. 1 and 83.]

Upon information and belief, the Secretary of Labor has investigated alleged ERISA violations in connection with the Coverage Action, the settlement of the Coverage Action, and the defense of the Rader Action (the "Secretary's Threatened Actions").

On or about May 1, 2015, Henry reached an agreement with Rader, Sealey, and the Secretary of Labor in which Henry, among other things, agreed to assign to them all assignable

claims and pursue any non-assignable claims and use the proceeds from these claims to satisfy a portion of the Underlying Judgments (the "Henry Assignment").   On or about September 24, 2015, Smith reached an agreement with Rader, Sealey, and the Secretary of Labor to assign to them all assignable claims and pursue any non-assignable claims and use the proceeds from these claims to satisfy a portion of the Underlying Judgments (the "Smith Assignment"). These agreements covered claims against Henry's and Smith's attorneys, including the JB Parties, the MC Parties, the HH Parties, and the JL Parties.   On October 23, 2015, an action was filed in the name of Ms. Henry and Ms. Smith and against the JB Parties, the MC Parties and the JL Parties, in the Southern District of Mississippi, styled *Henry, et al. v. Johanson, et al*., Case No. 3:15-cv-762-HTW-LRA (the "Henry Action"). [Henry Action Dkt. 1.]

Upon information and belief, after winding up Johanson Berenson LLP, Johanson was employed as an equity partner/shareholder with the JL Parties, from January 16, 2012 until November 14, 2014.   The JB Parties also assert that Johanson tendered the defense and indemnification of the Sealey Action, as well as the defense and indemnification of the Secretary's Threatened Actions and the threatened claims of Ms. Henry and Ms. Smith, which were subsequently filed in the Henry Action, to the JL Parties.

Johanson's alleged tender of defense and indemnification is the subject of a pending arbitration between Johanson and the JL Parties entitled, "In the Matter of the Arbitration Between David R. Johanson, Claimant against Jackson Lewis P.C. and John Does 1 through 50, Respondents; Case No. 01-16-0000-6326" (the "Arbitration").

On or about November 10, 2015, Johanson and the JB Parties entered into a settlement agreement with Rader, Sealey, the Bruister Plans, the Secretary of Labor, Ms. Henry, Ms. Smith,

Mr. Bruister, Bruister and Associates, and Bruister Family LLC in which the parties to the agreement agreed to settle all claims they had against the JB Parties and to dismiss the JB Parties with prejudice from the Henry Action and the Sealey Action (the "Johanson Settlement").   On or about November 10, 2015, as a supplemental agreement to the Johanson Settlement, Johanson agreed to assign a portion of the net proceeds of his defense and indemnity arbitration claim against Jackson Lewis P.C. to Rader, Sealey and the Bruister Plans (the "Johanson Assignment") and apply to the assigned portion of any arbitration award in his favor to satisfy the amounts remaining to be paid by Johanson under the terms of the Johanson Settlement.

## C.   THE PROPOSED SETTLEMENT

The disputes among the parties to the Settlement Agreement arise under ERISA (29 U.S.C. §1001, *et. seq.*) and/or the common law of Mississippi.   The movants submit that the proposed Agreement is fair, reasonable, and in the best interests of the Bruister Plans.   While the movants believe they have meritorious claims against the parties they are releasing ("Released Parties"), they also recognize the risk, cost and delay associated with litigating those claims. The Settlement Agreement constitutes an appropriate compromise of those claims in light of those risks, costs and potential delay.   The movants submit that, taken together, these factors warrant the Court's approval of the Settlement.   Although the parties have not completed discovery with respect to the merits of their claims and defenses, the settled disputes follow the trial of the Rader and Secretary's Actions, in which the underlying events were explored in detail.   Therefore, a great deal about these issues is already known to movants.

In *Perez v. Bruister*, 823 F.3d 250 (5th Cir. 2016), the U.S. Court of Appeals for the Fifth Circuit, like other courts, observed that an action arising under ERISA § 409, 29 U.S.C. § 1109,

-10-

is derivative in nature, explaining that a plaintiff may seek relief on behalf of the plan, rather than an individual remedy. *Id*. at 257-58.   The Fifth Circuit recognized that although the plaintiff prosecutes the action and controls its destiny, the court must ensure that any remedy adequately protects the interest of absent participants and beneficiaries.   Although the defendants claimed error on appeal because the trial court did not allow class certification, the Fifth Circuit found no error and no need for class certification. *Id*. at 258.   The Fifth Circuit made a case-specific finding: "In this case, the 'loss to the plan' is the amount that the ESOP overpaid for [Bruister & Associates, Inc.] stock." *Id*. at 258.   The Fifth Circuit noted that accordingly "the losses suffered by the participants in the ESOP are coterminous with those of the plan" and that "Sealey's individual claim is proportional to the claims and losses of fellow participants".   The Fifth Circuit cited with approval the district court's fact finding that "Sealey has consistently advanced the interests of the plan as a whole and makes no claim for individual recovery." *Id.*   The Fifth Circuit found significant that: "Sealey is seeking a plan remedy for alleged breaches of duty to the ESOP as whole." *Id.*   The Fifth Circuit further specifically noted that the joinder of the action brought by Sealey with the claims brought by the Department of Labor for trial and judgment "eliminates concerns about protecting the absent participant's interest." *Id.*

The Released Parties have requested that the settlement satisfy in full any potential claims that could be brought against them by or on behalf of the Bruister Plans, and further that the settlement would operate as a bar to any other participant, beneficiary or fiduciary of the Bruister Plans, or any other person purporting to represent or assert the Bruister Plans' interests, from pursuing an action against the Released Parties.   Accordingly, the Released Parties have

-11-

required as a condition to the settlement that the Court's order approving the settlement include a finding with respect to such satisfaction and bar.

Even though the Secretary of Labor is not a party to the Settlement Agreement, the court-appointed Plan Fiduciary is.   Accordingly, the Fifth Circuit's ruling that class certification is not required should still apply, given that the Plan Fiduciary serves an equivalent purpose to the Secretary's presence during the appeal of this Court's Underlying Judgment.   Stated another way, the Plan Fiduciary's involvement in the Settlement "eliminates concerns about protecting the absent participant's interest."   *Id.*

### D.   THE COURT IS URGED TO APPROVE THE SETTLEMENT AGREEMENT AS FAIR, REASONABLE, AND IN THE BEST INTERESTS OF THE PLANS AND THEIR PARTICIPANTS

#### 1)   <u>The Standard of Review</u>

Plaintiff and Plan Fiduciary submit that it is appropriate for the Court to review and approve the settlement agreement.   Plaintiff has knowledge of the details of the settlement and proposed payments and represents to the Court on behalf of the Plan that the terms of the settlement and proposed payments are fair and reasonable under the circumstances.   The Plan Fiduciary, separately and independently, has knowledge of the details of the settlement and proposed payments and represents to the Court on behalf of the Plan participants that the terms and proposed payments are fair and reasonable under the circumstances.   Accordingly, Plaintiff and Plan Fiduciary respectfully request that the Court review the terms of the settlement and, if the Court concludes that the resolution warrants approval, enter an order authorizing and approving the settlement. See FEDERAL JUDICIAL CENTER'S MANUAL FOR COMPLEX LITIGATION § 21.632, at 320-21 (4th ed. 2004).

The federal courts are firmly "committed to the rule that the law favors and encourages compromise settlements." *Ahern v. Central Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (citing *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977)). Indeed, the Federal Rules of Civil Procedure require the parties to consider settlement as early as the Rule 16 Initial Conference. See FED. R. CIV. P. 16(c)(1).

Sealey filed this action in his capacity as a participant in the Bruister Plans, pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), which allows a plan fiduciary, participant, or beneficiary, or the Secretary of Labor, to bring an action to recover monetary damages, equitable relief, or both, on behalf of the plan. While Sealey's action may be viewed as derivative in a sense, not all derivative actions fall within the scope of Fed. R. Civ. Pro. 23.1. *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 535 n. 11 (1984). Indeed, the weight of authority holds that Rule 23.1 clearly does not apply to civil actions under ERISA Section 502(a)(2). *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1461-63 (9th Cir. 1995); *Moeckel v. Caremark Rx Inc.*, 385 F.Supp.2d 668, 685 (M.D. Tenn. 2005); *Bickley v. Caremark Rx, Inc.,* 361 F.Supp.2d 1317, 1334 (N.D. Ala. 2004). Further, Fed. R. Civ. Pro. 23 does not apply. In *Langbecker v. Electronic Data Systems Corp.*, 476 F.3d 299, 318 (5th Cir. 2007), the Fifth Circuit declined to adopt a rule requiring adherence to Rule 23 in all ERISA Section 502(a)(2) actions, and in the appeal of this very case, the Fifth Circuit specifically concluded that strict adherence to Rule 23 was not required. *Perez*, 823 F.3d at 258.

In *Coan v. Kaufman*, 457 F.3d 250 (2nd. Cir. 2006) the Second Circuit addressed the procedural implications of an ERISA Section 502(a)(2) claim brought by a plan participant. The *Coan* court concluded that Rule Fed. R. Civ. Pro. 23.1 was inapplicable, and noted that

Congress had considered including mandatory or permissive class action procedures as part of ERISA, but had declined to do so. *Id.* at 259-260.   The court concluded that "Congress was content to leave the procedures necessary to protect the interests of absent parties, and to prevent redundant suits, to be worked out by parties and judges according to the circumstances on a case by case basis. *Id.* at 260.

Here both Sealey and the Plan Fiduciary have been involved in the negotiation of the Settlement on behalf of the Plans and their participants and beneficiaries.   No further procedures, such as notice to absent participants, are needed to protect the interests of absent participants and beneficiaries and, if required, would only serve to create unnecessary delay and expense.   Were absent participants to receive notice, they would have only a limited basis on which to evaluate the underlying claims here or the terms of the settlement.   The Plan Fiduciary, however, has had a full opportunity to review in detail all pertinent matters with the advice of experienced counsel, and has concluded that it is fair to the Plans and in their best interests, and has agreed to grant releases on behalf of the Plans.   Under these circumstances, no further procedural safeguards are necessary.

Notwithstanding the inapplicability of Rules 23 and 23.1 in this action, case law thereunder is instructive to the Court as to the standards it should use in reviewing and approving the Settlement Agreement, even in the absence of notice to the Plans' participants.   Overall, in reviewing a proposed settlement, the court must find that proposed settlement is "fundamentally fair, adequate, and reasonable."   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The U.S. Court of Appeals for the Fifth Circuit has held that a Court reviewing the fairness of a settlement must consider:

-14-

> (1) [T]he existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.

*Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); see also *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (citing the *Reed* factors as authoritative). The court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).   Ultimately, the district court's order approving a settlement, or the award of fees to plaintiff's counsel, is reviewed for abuse of discretion.   *See Union Asset Mgmt.*, 669 F.3d at 638.

### 2)      The Settlement is Fair and Adequate

The Settlement may be approved because it satisfies each of the *Reed* factors, which are summarized above, to the extent applicable.   *First*, the parties arrived at the settlement following protracted, arms-length negotiations – negotiations which have included multiple days of in-person mediation with an experienced, private mediator and Magistrate Judge Ball, as well as repeated telephone mediation sessions – and there can be no suggestion of collusion or fraud. Moreover, Plaintiff's attorneys have extensive experience with ERISA litigation.    Also, the movants have engaged in extensive efforts to locate and collect upon the applicable assets of the Bruister Parties in satisfaction of the Judgments in the underlying Rader and Secretary's Actions. These collection efforts have been overseen by the Court.   These collection efforts and extensive arm-length negotiations have resulted in a separate Settlement Agreement between the movants and the Bruister Parties in the Rader and Secretary's Actions.

-15-

*Second*, this action, and the actions initiated subsequent to it, has been extremely complex and expensive for all parties.   Continuation of the litigation between the parties will exacerbate the complexity and expense exponentially.

*Third*, although certain actions (Sealey and Henry) are in their early stages, the pending settlements were reached after five years of litigation with the same or related parties and involves conduct of which Plaintiff's counsel are well aware.   For example, Plaintiff's counsel are involved in the settlement negotiations in the *Rader/ Secretary's* Action and Plan Fiduciary's counsel has been involved in the settlement negotiations in the *Rader/Secretary's* Action.

*Fourth*, although the probability of Plaintiff's success on the merits of the Underlying Judgments is 100%, and the Fifth Circuit has approved the Underlying Judgments, Plaintiff's success on the merits in the subsequent actions addressed in the Settlement is by no means certain.

*Fifth*, as to the range of possible recovery, the Settlement calls for the Released Parties to pay, in the aggregate when added to the settlements already received from parties other than the Bruister Parties, approximately 52% of the Underlying Judgments.   Although the ~~The~~ Plaintiff's settlement with the Bruister Parties will yield over $1,000,000 to the Plans additionally, there is no guarantee that the Bruister Parties, Ms. Smith, and Ms. Henry own assets sufficient to satisfy the Underlying Judgments on their own.

*Finally*, the Settlement has been endorsed by both Plaintiff's counsel and Plan Fiduciary's counsel. The Settlement anticipates four closure letters from the DOL closing its investigation in the matter, three of which have already been issued.   These factors weigh heavily in favor of the settlement.

-16-

For these reasons, Plaintiff Vincent Sealey and the Plan Fiduciary respectfully request that the Court approve the Settlement.

**CONCLUSION**

For all the foregoing reasons, Plaintiff Vincent Sealey and the Plan Fiduciary respectfully request this Court to approve the Settlement as fair to the Bruister Plans, authorizing and allowing Sealey and the Plan Fiduciary to act and resolve this matter consistent with the Settlement Agreement.

Respectfully submitted, this 19th day of December, 2017.


VINCENT SEALEY, PLAINTIFF


By:      /s/ Gary A. Gotto
KELLER ROHRBACK, L.L.P.
3101 North Central Avenue - Suite 1400
Phoenix, Arizona 85012
Tel: (602) 248-0088
Fax: (602) 248-2822

By:      /s/Charles D. Yezbak, III
YEZBAK LAW OFFICES
2002 Richard Jones Road - Suite B-200
Nashville, Tennessee 37215
Tel.: (615) 250-2000


By:      /s/ Louis H. Watson, Jr.
WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS   39216-4972
Tel:   (601) 968-0000


THE BRUISTER & ASSOCIATES EMPLOYEE
STOCK OWNERSHIP PLAN; THE BRUISTER &
ASSOCIATES ELIGIBLE INDIVIDUAL

-17-

ACCOUNT PLAN; AND THE BRUISTER &
ASSOCIATES EMPLOYEE STOCK
OWNERSHIP TRUST

By: Jeanne Bryant, Independent Fiduciary


By:     /s/ Bynum E. Tudor, III
BERRY & TUDOR, P.C.
5123 Virginia Way, Suite B-23
Brentwood, TN   37027
Tel.:    (615) 726-1000

-18-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 19th day of December, 2017, the foregoing document Motion for Approval of Settlement was filed electronically through the CM/ECF System, which sent notice to all counsel of record.

**/s/ Charles P. Yezbak, III**
Charles P. Yezbak, III