UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor | PLAINTIFF |
| vs. | CIVIL ACTION NO. 3:13-CV-1001-DPJ-FKB |
| HERBERT C. BRUISTER, et al. | DEFENDANTS |

consolidated with

| | |
|---|---|
| JOEL C. RADER and VINCENT SEALEY | PLAINTIFFS |
| vs. | CIVIL ACTION NO. 3:13-CV-1081-DPJ-FKB |
| HERBERT C. BRUISTER, et al. | DEFENDANTS |

**AND**

| | |
|---|---|
| VINCENT SEALEY | PLAINTIFF |
| vs. | CIVIL ACTION NO. 3:15-CV-137-DPJ-FKB |
| HERBERT C. BRUISTER, et al. | DEFENDANTS |
| THE BRUISTER & ASSOCIATES EMPLOYEE STOCK OWNERSHIP PLAN, et al. | NOMINAL DEFENDANTS |

## ORDER APPROVING SETTLEMENT

THIS ORDER concerns the proposed settlement of certain disputes in connection with this and related litigation. Plaintiff Vincent Sealey (hereinafter "Plaintiff" or "Sealey") asserts various common-law claims as well as violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001–1461, with respect to the Bruister & Associates Employee Stock Ownership Plan, the Bruister & Associates Eligible Individual Account Plan, and the Bruister & Associates Employee Stock Ownership Trust, (these entities are

hereinafter jointly referred to as the "Bruister Plans").

Sealey and others have entered into that certain Settlement Agreement and Release (the "Agreement" or "Settlement Agreement"), a copy of which was submitted for in-camera review (all capitalized terms used herein have the meanings ascribed to them in Sealey's Motion). Sealey and Jeanne Bryant, Receivership Management, Inc., independent fiduciary on behalf of the Bruister Plans (hereinafter "Bryant") have requested this Court to approve the Settlement Agreement, authorizing and acknowledging that Sealey and Bryant may act and settle on behalf of the Bruister Plans.

Pursuant to the motion for approval filed by Sealey and Bryant with respect to the Settlement Agreement, the Court has read and considered all papers filed in connection with the Settlement to determine whether to approve the settlement as being fair, reasonable, and in the best interests of the Bruister Plans. The Court further notes that the Released Parties, defined below, have requested that the Court determine whether the Settlement Agreement is in the best interests of the absent plan participants, barring and binding all plan participants from any further claim against the Released Parties.

The Court finds that because this action arises under ERISA § 502(a)(2), 29 U.S.C. §1132(a)(2) and § 409, 29 U.S.C. § 1109, it is appropriate that the Court review the Agreement to determine whether the settlement effected thereby is in the best interests of the Bruister Plans as well as the absent participants and beneficiaries thereof. *See Perez v. Bruister*, 823 F.3d 250, 257–58 (5th Cir. 2016) (finding under the facts and circumstances of this case no need to certify a class of participants and beneficiaries, and affirming Sealey as a suitable representative for the Bruister Plans and to protect "absent participant's interests" because, in part, a) "the losses suffered by the participants in the ESOP are coterminous with those of the plan"; and b) "Sealey

has consistently advanced the interests of the plan as a whole and makes no claim for individual recovery")

The Court finds that the issues relating to the Claim are primarily legal in nature and lend themselves to review for purposes of settlement.  The Court has reviewed the motion record in detail and considered the merits of any potential claim.  The Court finds that Sealey and his attorneys are familiar with the record, having successfully litigated ERISA fiduciary-liability claims against other fiduciaries of the Bruister Plans and obtained a substantial judgment on their behalf following a lengthy bench trial in the closely related proceedings out of which the Claim arose.  *See Perez*, 823 F. 3d 250 (affirming judgment in the amount of $4,504,605.30, together with prejudgment of $1,988,008.67 and finding of counsel fee liability).  The settlement is not the result of collusion, but rather a long, protracted, arms-length resolution directly overseen by the Court.  The Court further finds that the Settlement Agreement in this matter adequately protects the interests of absent participants and beneficiaries of the Bruister Plans.

No party or person to these actions has filed opposition to the motion, and good cause having been shown,

IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

1.   The Court has jurisdiction over the subject matter of these actions and all parties thereto.

2.   This Order will be effective as of the date it is entered by the Clerk on the docket in this matter (the "Effective Date").

3.   The Court finds that Sealey has brought this Action on behalf of the Bruister Plans pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) & 1132(a)(2), in his capacity as a participant of such plans, and that he therefore has standing to both bring the Action

and enter into the Settlement Agreement. Bryant also has standing on behalf of the Bruister Plans to both participate in the action and enter into the Settlement Agreement.

4. The Court finds that the Settlement Agreement was negotiated at arms' length by experienced counsel over an extended interval and that final approval is appropriate because it is fair, adequate, and reasonable to the Parties, the Bruister Plans, and the participants and beneficiaries of the Bruister Plans, in light of: (a) the strength and weaknesses of the Parties' respective claims and defenses; (b) the burden, risk, and expense of continued litigation; (c) the dollar amount of the settlement; (d) the anticipated duration of additional litigation; (e) the recommendations in favor of the Settlement Agreement that have been made by Plaintiff's attorneys and the Independent Fiduciary for the Bruister Plans; (f) the risks of establishing liability and damages; and (g) the overall range of reasonableness of the settlement in light of the legal and practical considerations presented and the risks of continuing the litigation. Further, the Settlement Agreement is in the public interest. The Court authorizes and approves the Settlement Agreement and further authorizes and approves Sealey and Bryant entering into the Settlement Agreement.

5. For these reasons, Plaintiff's motion for approval of the Settlement Agreement is hereby granted in all respects. The Settlement Agreement is fair, adequate, and reasonable to the parties to the Settlement Agreement, the Bruister Plans, and their participants.

6. As a result of this settlement and as of the Effective Date hereof:

   a) The Bruister Plans, the Plaintiff, and all existing or future fiduciaries, trustees, administrators, participants, alternate payees, spouses of participants, and other beneficiaries of the Bruister Plans be and are hereby barred from asserting any and all civil claims, arbitrations, administrative claims or proceedings, demands, damages, cause or causes of action, arising from, related to, or in any way connected with, the Released Parties' representation of the Bruister Plans, Bruce, Bruister, Bruister Family LLC, Bruister and Associates, Henry,

        and/or Smith in relation to the Secretary's Action, the Henry Action, the Rader Action, the Coverage Action, the Secretary's Threatened Actions and the Arbitration, each of which is defined more fully in the Motion and the Agreement, including claims that were raised or could have been raised in the Covered Actions (each of these defined terms are described more fully in Motion and the Agreement).

    b) The Bruister Plans together with their participants, beneficiaries, trustees, administrators, named fiduciaries, predecessors, assigns, successors-in-interest, and other parties who now or hereinafter may serve in a fiduciary capacity for the Bruister Plans will be bound by this Order.

7. The settling parties are instructed to consummate the Settlement Agreement within the time and in the manner set forth in the Agreement.

8. Subject to further order, the Court will retain jurisdiction over these actions and the parties thereto to the extent necessary to consummate, implement, and enforce the Settlement Agreement, this Order, or both.

    SO ORDERED this 21st day of December, 2017.

                              s/ *Daniel P. Jordan III*
                              Hon. Daniel P. Jordan III
                              Chief United States District Judge